# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Bevan & Associates, LPA, Inc.,** <br> 6555 Dean Memorial Parkway <br> Boston Heights, OH 44236, <br><br> **Thomas W. Bevan,** <br> 6555 Dean Memorial Parkway <br> Boston Heights, OH 44236, <br><br> and <br><br> **Patrick M. Walsh,** <br> 6555 Dean Memorial Parkway <br> Boston Heights, OH 44236 <br><br> *Plaintiffs* <br><br> v. <br><br> **Richard Michael DeWine**, <br> in his official capacity as Attorney <br> General of the State of Ohio, <br> 30 East Broad Street, 14th Floor <br> Columbus, OH 43215 <br><br> **Thomas H. Bainbridge** <br> in his official capacity as a member <br> of the Industrial Commission of Ohio, <br> 30 West Spring Street <br> Columbus, OH 43215 <br><br> **Jodie M. Taylor** <br> in her official capacity as a member <br> of the Industrial Commission of Ohio, <br> 30 West Spring Street <br> Columbus, OH 43215 <br><br> **Karen L. Gillmor, Ph.D.** <br> in her official capacity as a member <br> of the Industrial Commission of Ohio, <br> 30 West Spring Street <br> Columbus, OH 43215 | Case No. 2:16-cv-746 <br><br> Judge _____ |

|  |  |
|---|---|
| **and** | } |
|  | } |
| **Sarah Morrison** | } |
| **in her official capacity as Acting** | } |
| **Administrator/CEO of the Ohio** | } |
| **Bureau of Workers' Compensation** | } |
| **30 West Spring Street** | } |
| **Columbus, OH  43215** | } |
|  | } |
| *Defendants.* | } |
|  | } |

## COMPLAINT

For their Complaint against Defendants, Plaintiffs Bevan & Associates, LPA, Inc. ("the Bevan Firm"), Thomas W. Bevan ("Mr. Bevan"), and Patrick Walsh (collectively "the Bevan Plaintiffs") hereby allege and state as follows:

### JURISDICTION & VENUE

1. This action seeks to vindicate rights protected by the First Amendment to the United States Constitution. 42 U.S.C. § 1983 provides that every person who, under color of state law deprives any citizen of the United States any right secured by the Constitution shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 28 U.S.C. §§ 2201 and 2202 provide that this Court may declare the rights of parties with an actual controversy.

3. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, because the claims arise under federal law.

4. The Court has personal jurisdiction over the Defendants, because Defendants public officials with offices in Columbus, Ohio, in this District.

2

5.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1), because all Defendants are residents of this judicial district, and under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiffs' claims occurred in this judicial district.

**PARTIES**

6.     Plaintiff the Bevan Firm is a law firm located in Boston Heights, Ohio, that performs legal work throughout the State of Ohio, including in Franklin County.

7.     Plaintiff Thomas W. Bevan is an attorney licensed to practice law in Ohio, and a principal of the Bevan Firm.

8.     Plaintiff Patrick Walsh is an attorney licensed to practice law in Ohio, and a principal of the Bevan Firm.

9.     Defendant Richard Michael DeWine is a natural person holding the office of Attorney General of the State of Ohio, having been sworn into that position on January 10, 2011. Acting under color of state law, Mr. DeWine serves as the Chief Legal Officer of the State of Ohio.

10.    Defendant Thomas H. Bainbridge is, a natural person holding the office of Chairman of the Ohio Industrial Commission ("the Commission"), currently serving a six-year term beginning in July of 2013 and ending in June of 2019. Acting under color of state law, Mr. Bainbridge has primary authority over the actions of the Commission.

11.    Defendant Jodie M. Taylor is a natural person holding the office of Commissioner of the Commission, currently serving a six-year term beginning in July of 2015 and ending in June of 2021. Acting under color of state law, Ms. Taylor has authority over the actions of the Commission.

12.    Defendant Karen L. Gillmor, Ph.D. is a natural person holding the office of Commissioner of the Commission, currently serving a six-year term beginning in July of 2011 and

3

ending in June of 2017. Acting under color of state law, Ms. Gillmor has authority over the actions of the Commission.

13. Defendant Sarah Morrison is a natural person holding the office of Acting Administrator/CEO of the Ohio Bureau of Workers' Compensation ("the Bureau"), having been appointed to that position on or about April 15, 2016. Acting under color of state law, Ms. Morrison has primary authority over the actions of the Bureau.

## FACTS

### Ohio's Statutory Scheme Regarding Information about Workers Compensation Claimants

14. In Ohio, workers injured on the job can make claims for remuneration under a statutory scheme set forth in Ohio Revised Code § 4123.01 et seq.

15. Ohio Revised Code § 4123.88(A) (hereafter referred to as the "Claimant Information Statute") prohibits any person from soliciting authority to represent workers compensation claimants with respect to claims against the Bureau or the Commission. The same statute prohibits access to claimants' files.

16. Specifically, the Claimant Information Statute provides in pertinent part:

> No person shall directly or indirectly solicit authority, or pay or give anything of value to another person to solicit authority, or accept or receive pay or anything of value from another person for soliciting authority, from a claimant or employer to take charge of, or represent the claimant or employer in respect of, any claim or appeal which is or may be filed with the bureau or commission.

17. Pursuant to an exception codified at O.R.C. § 4123.88(D), a journalist may request and obtain certain information regarding workers compensation claimants. Specifically, the provision states in pertinent part:

> (1) Upon receiving a written request made and signed by an individual whose primary occupation is as a journalist, the commission or the bureau shall disclose to the individual the address or addresses and telephone number or

4

numbers of claimants, regardless of whether their claims are active or closed, and the dependents of those claimants.

(2) An individual described in division (D)(1) of this section is permitted to request the information described in that division for multiple workers or dependents in one written request.

18. The term journalist is defined as follows in O.R.C. § 149.43(A)(9)(c):

"[J]ournalist" means a person engaged in, connected with, or employed by any news medium, including a newspaper, magazine, press association, news agency, or wire service, a radio or television station, or a similar medium, for the purpose of gathering, processing, transmitting, compiling, editing, or disseminating information for the general public.

19. Violation of the Claimant Information Statute of information regarding workers compensation claimants is a second degree misdemeanor. O.R.C. § 4123.99(D).

20. Ohio Administrative Code § 4121-2-01, an administrative regulation of the Industrial Commission, provides "[n]o person who solicits or causes claims to be solicited shall be allowed to practice or represent parties before the industrial commission or the bureau [of workers compensation]". Thus, in addition to being charged with a misdemeanor, an attorney who advertises to potential workers compensation claimants could be barred from practicing before the Industrial Commission or the Bureau of Workers Compensation.

*Plaintiffs' Business Enterprise*

21. Through an arrangement with a journalist, the Bevan Firm obtains the addresses of workers compensation claimants that the journalist has obtained from the Bureau of Workers Compensation pursuant to the Claimant Information Statute. The journalist obtaining the addresses meets the definition of "journalist" found in O.R.C. § 149.43(A)(9)(c), as referred to in O.R.C. § 4123.88(D).

22. The Bevan Firm then provides the addresses obtained from the journalist and information from other sources to a bulk mail service company that prepares and sends advertising

5

to the addresses of workers compensation claimants. True and accurate examples of the advertising material are attached hereto and incorporated herein as Exhibit A.

23. The mailing states clearly that it is advertising material only, because the Bevan Firm does not know whether the recipient needs legal services.

24. The Bevan Firm has obtained opinions from ethics counsel that the advertisements comply with the Ohio Rules of Professional Responsibility.

25. The "RE" line of the advertisement is titled, "Possible Workers Compensation Award(s)," and the salutation is, "To Whom It May Concern."

26. In the advertisement, the Bevan Firm informs recipients of their possible legal rights under Ohio law: "If you (or a family member) were injured at work within the past five (5) years, you may be entitled to a *cash award* for your work-related injury." (emphasis in original).

27. The Bevan Firm indicates in the advertisement that Ohio workers frequently do not receive all benefits to which they are entitled under Ohio law: "Our experience is that injured workers may not be knowledgeable of the workers' compensation system and many claimants don't obtain all of the awards they may be due. In many cases, the Bureau of Workers Compensation is more interested in 'closing out claims' instead of making sure the claimant receives all the benefits to which he or she is entitled. **Time may be running out on your claim(s)!**" (emphasis in original).

28. The Bevan Firm also advertises additional legal services it can provide outside the scope of workers compensation claims: "In addition, our office can assist in *Social Security* claims. If your health keeps you, or someone you know, from being able to work, let our Social Security Disability team work for you!" (emphasis in original).

6

29. Prior to 2007, The Bevan Firm, and other law firms across the State of Ohio, obtained claimants name, address and claim information from the Ohio Bureau of Workers Compensation and directly solicited these injured workers for legal representation.  The Bevan Firm intends on continuing to use the data previously obtained from the Ohio Bureau of Workers Compensation in the representation of both workers compensation claims and other matters.

*The Ohio Attorney General's Investigation and Defendants'*
*Enforcement of the Statutory Scheme Against Plaintiffs*

30. On February 22, 2016, the Ohio Attorney General's ("OAG") Office served grand jury subpoenas on the journalist, a company affiliated with the journalist, and the bulk mail service company. The subpoenas seek records related to their arrangements with the Bevan Firm Upon information and belief, the OAG is investigating the Bevan Firm's mailings to recipients at the addresses obtained by the journalist.

31. The investigative activity, which necessarily is based on O.R.C. § 4123.88(A), has had the effect of curtailing the plaintiffs' legitimate advertising activity and chilling the exercise of their First Amendment right to engage in protected commercial speech.

**FIRST CLAIM**

*Denial of First Amendment Rights*
*Declaratory Relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201*

32. Plaintiffs incorporate, as if fully rewritten, all preceding Paragraphs of their Complaint.

33. The First Amendment to the U.S. Constitution, as incorporated into the due process clause of the Fourteenth Amendment to the U.S. Constitution, prohibits states from abridging the freedom of speech.

7

34.     Attorney advertising is protected commercial speech. As such, it can be restricted only if (a) the state demonstrates a substantial interest in the regulation at issue; (b) the regulation directly advances the state's asserted interest; and (c) the regulation is narrowly tailored to achieve the desired objective.

35.     Plaintiffs' advertisements constitute precisely the type of attorney advertising that the U.S. Supreme Court has repeatedly permitted under the First Amendment.

36.     The State of Ohio does not have a substantial interest in the enforcement of the Claimant Information Statute, and there is no compelling purpose for enforcement of that statute.

37.     Even if the State of Ohio could identify a substantial interest in enforcement of the Claimant Information Statute, the Claimant Information Statute does not directly advance that interest. Further, the Claimant Information Statute is a blanket prohibition on attorney advertising protected by the First Amendment, and therefore is not narrowly tailored to effectuate the alleged purpose(s) of the statute.

38.     Ohio Revised Code § 4123.88 is unconstitutional as applied to the Plaintiffs.

39.     Ohio Revised Code § 4123.88 is unconstitutional on its face.

40.     By their actions investigating Plaintiffs and enforcing the Claimants Information Statute, Defendants have, under color of law, deprived Plaintiffs of their constitutional right to free speech.

41.     By their actions investigating Plaintiffs and enforcing the Claimants Information Statute, Defendants have, under color of law, caused Plaintiffs to incur money damages in an amount to be proven at trial.

110489.000001/#4829-4486-6868 v1

42. An actual controversy exists between Plaintiffs and Defendants regarding the constitutionality of the Claimant Information Statute, and a declaration by this court will resolve the controversy.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs Bevan & Associates, Thomas W. Bevan, and Patrick Walsh respectfully request the following relief:

A. A declaratory judgment against Defendants in their official capacity, declaring that O.R.C. § 4123.88 and O.A.C. §4121-2-01(B) restricts free speech in violation of the First Amendment to the United States Constitution, and is therefore unconstitutional on its face, and as applied to Plaintiffs; and

B. A permanent injunction enjoining Defendants, as well as their agents and representatives, from enforcing O.R.C. § 4123.88 against Plaintiffs or anyone else;

C. A permanent injunction enjoining Defendants, as well as their agents and representatives, from enforcing O.A.C. § 4121-2-01(B) against Plaintiffs or anyone else;

D. Judgment in favor of Plaintiffs and a corresponding award of damages, costs, and reasonable attorneys' fees;

E. Awarding Plaintiffs such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Ralph E. Breitfeller*
Ralph E. Breitfeller   (0017579)
   Trial Attorney
Jason H. Beehler       (0085337)
KEGLER BROWN HILL + RITTER
65 East State Street, Suite 1800
Columbus, OH 43215
(614) 462-5400
(614) 464-2634 (fax)
rbreitfeller@keglerbrown.com
jbeehler@keglerbrown.com

*Counsel for Plaintiffs*