IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BEVAN & ASSOCIATES, LPA, INC., *et al.*, : | | |
| : | Case No. 2:16-cv-746 | |
| Plaintiffs, : | | |
| : | JUDGE ALGENON L. MARBLEY | |
| v. : | | |
| : | Magistrate Judge Jolson | |
| RICHARD MICHAEL DEWINE, *et al.*, : | | |
| : | | |
| Defendants. : | | |

## OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on the Motions for Summary Judgment filed by Plaintiffs (ECF No. 38), Defendant Ohio Attorney General Mike DeWine (ECF No. 46), and Defendants Thomas H. Bainbridge, Jodie M. Taylor, and Karen L. Gillmor, in their official capacities as commissioners of the Industrial Commission of Ohio, and Sarah Morrison, in her official capacity as Administrator of the Ohio Bureau of Workers' Compensation (collectively, "Agency Defendants") (ECF No. 47).

For the reasons that follow, the Court **DENIES** Plaintiffs' Motion for Summary Judgment, **GRANTS** Defendant Ohio Attorney General's Motion for Summary Judgment, and **GRANTS** the Agency Defendants' Motion for Summary Judgment.

### I. BACKGROUND

The Ohio law regulating attorney solicitation of workers' compensation claimants provides, in relevant part:

> No person shall directly or indirectly solicit authority, or pay or give anything of value to another person to solicit authority, or accept or receive pay or anything of value from another person for soliciting authority, from a claimant or employer to take charge of, or represent the claimant or employer in respect of, any claim or appeal which is or may be filed with the bureau or commission.

1

OHIO REV. CODE § 4123.88(A). It also provides that claim files are "not public records," and are kept "for the exclusive use and information of the commission and the bureau in the discharge of their official duties[.]" OHIO REV. CODE §§ 4123.88(B)-(C). An accompanying regulation, Ohio Admin. Code 4121-2-01(B), provides in relevant part:

> No person who solicits or who causes claims to be solicited shall be allowed to practice or represent parties before the industrial commission or the bureau . . . . No person other than an attorney in good standing may render advice or services in the preparation or presentation of a claim for compensation arising under the workers' compensation laws of Ohio if a fee for such advice or services is to be received from or charged against the one having such claim.

OHIO ADMIN. CODE 4121-2-01(B).

Plaintiffs contend that this regulatory scheme creates a blanket ban on solicitation—meaning, in their view, all advertising—by workers' compensation attorneys that is impermissible under the First Amendment. (ECF No. 38 at 1). Defendants contend that the statute neither prohibits solicitation nor advertising; instead, it maintains the privacy of workers' compensation claimants by regulating access to the flow of government-held information. (ECF No. 46 at 1).

Ultimately, because the statute and its accompanying regulations purely target noncommunicative conduct, not speech, Plaintiffs' First Amendment challenge cannot succeed.

### A. Factual Background

The following facts are not in dispute. Plaintiffs are a law firm and its principals practicing in the field of workers' compensation and Social Security disability benefits. (ECF No. 1 at ¶¶ 6-8, 25-28). They frequently use targeted mailings to promote their services to potential workers' compensation clients. (ECF No. 1 at ¶¶ 21-23). They compile the list of mailing recipients by collecting the addresses and phone numbers of workers compensation claimants from a journalist—an entity entitled under Ohio Revised Code § 4123.88(D) to receive

2

such records. (*Id.* at ¶ 21.) Plaintiffs provide this information, as well as information gleaned from other sources, to a bulk mail service company that prepares and sends the mailings. (Id. ¶ at 22.)

In February 2016, a journalist working with Plaintiffs was visited by agents of the Bureau of Workers' Compensation. Eventually, the Bureau served the journalist with a subpoena for all records related to contracts with and payments from Plaintiffs. (*Id.* at ¶ 30). Plaintiffs therefore believe that their advertising activities are under investigation by the Bureau of Workers' Compensation and the Ohio Attorney General. (*Id.* at ¶ 31).

### B. Procedural Background

Plaintiffs filed this action on July 29, 2016, seeking to challenge Ohio Revised Code § 4123.88 and Ohio Administrative Code 4121-2-01(B) on the basis that the provisions interfere with their First Amendment Rights to send advertisements to workers' compensation claimants. (ECF No. 1).

The Defendant Ohio Attorney General and the Agency Defendants filed separate Motions to Dismiss (ECF Nos. 29, 30), and on June 15, 2017, this Court issued an Order denying both Motions. (ECF No. 40).

Currently before the Court are three Motions for Summary Judgment filed by Plaintiffs (ECF No. 38), Defendant Ohio Attorney General Mike DeWine (ECF No. 46), and the Agency Defendants (ECF No. 47).

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." A fact is deemed material only if it "might

3

affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere possibility of a factual dispute is insufficient to defeat a motion for summary judgment. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Summary judgment is inappropriate, however, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

This Court therefore asks "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson, 477 U.S. at 251-52). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient to survive the motion; there must be evidence on which the jury could reasonably find for the opposing party. *See Anderson*, 477 U.S. at 251; *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013). Therefore, for purposes of Plaintiffs' Motion, the Court will view the facts in the light most favorable to Defendants, and in evaluating both the Attorney General's Summary Judgment Motion and the Agency Defendants' Summary Judgment Motion, the Court will consider the facts in the light most favorable to Plaintiffs.

## III. ANALYSIS

We begin with the text of the statute and accompanying regulation. Ohio Revised Code § 4123.88(A) provides that "[n]o person shall directly or indirectly solicit authority, or pay or give anything of value to another person to solicit authority, or accept or receive pay or anything of value from another person for soliciting authority, from a claimant or employer to take charge of, or represent the claimant or employer in respect of, any claim or appeal which is or may be filed with the bureau or commission." OHIO REV. CODE § 4123.88(A). Similarly, Ohio Administrative Code 4121-2-01(B) refers to attorneys "who solicit[]" or "who cause[] claims to be solicited." OHIO ADMIN. CODE 4121-2-01(B). Plaintiffs urge that the Court read this language as prohibiting not merely solicitation of workers' compensation claimants using ill-begotten government records, but instead as a prohibition on all workers' compensation attorney advertising—from targeted mailings to television advertisements to billboards. (ECF No. 59 at 8).

That interpretation is belied by the text of the statute, which by its plain language targets solicitation. There is a difference between advertising and solicitation: "advertising" denotes a form of mass communication, whereas "solicitation" envisions a targeted interaction. In *Went for It*, the Supreme Court carefully drew a distinction between the two terms with regard to targeted solicitation of accident victims: "an untargeted letter mailed to society at large is different in kind from a targeted solicitation; the untargeted letter involves no willful or knowing affront to or invasion of the tranquility of bereaved or injured individuals and simply does not cause the same kind of reputational harm to the profession. . . ." *Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 630 (1995). The distinction between these categories is also borne out in the American Bar Association Model Rules of Professional Conduct (*compare* Rule 7.2 (governing

5

attorney advertising) *with* Rule 7.3 (governing attorney solicitation)) and the Ohio Rules of Professional Conduct (same), as well as in the level of constitutional protection the respective forms of communication garner. Truthful advertising of routine legal services is plainly protected by the First and Fourteenth Amendments. *Bates v. State Bar of Arizona,* 433 U.S. 350 (1977). But "the State—or the Bar acting with state authorization—constitutionally may discipline a lawyer for soliciting clients in person, for pecuniary gain, under circumstances likely to pose dangers that the State has a right to prevent." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 449 (1978).

And here, the statute does not ban *all* solicitation; instead, it bans solicitation based on information about workers' compensation claimants compiled by the State of Ohio. If the Court were to view the particular provisions to which Plaintiffs object in isolation, they could fairly be read as banning all attorney solicitation of workers' compensation clients—neither Ohio Revised Code § 4123.88(A) nor Ohio Administrative Code 4121-2-01(B) specifically refer to the workers' compensation claimant rolls maintained by the State. But, as the Supreme Court has advised, "[s]tatutory construction . . . is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371 (1988) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 631-632 (1973); *Jarecki v. G.D. Searle & Co.*, 367 U.S. 303, 307-308 (1961)). Here, the entire statute is directed at maintaining privacy of workers' compensation claimants. Ohio Revised Code § 4123.88(A)—the challenged provision—does something similar to what the Plaintiffs say it does: it bans certain types of solicitation. OHIO

REV. CODE § 4123.88(A). But Ohio Revised Code § 4123.88(B) clarifies that the "records described or referred to" in § 4123.88(A) "are not public records. . . . Any information directly or indirectly identifying the address or telephone number of a claimant, regardless of whether the claimant's claim is active or closed, is not a public record." OHIO REV. CODE § 4123.88(B). Similarly, Ohio Revised Code § 4123.88(C) notes that notwithstanding certain exceptions, "information kept by the commission or the bureau pursuant to this section is for the exclusive use and information of the commission and the bureau in the discharge of their official duties, and shall not be open to the public nor be used in any court in any action or proceeding therein, unless the commission or the bureau is a party to the action or proceeding." OHIO REV. CODE § 4123.88(C). Finally, sections 4123.88(D) and (E) define the contours of the exception to the general rule of claimant privacy, noting specifically that a journalist may seek the information if she states that disclosure is "in the public interest." OHIO REV. CODE §§ 4123.88(C)-(D). One cannot read these provisions *in seriatim* and escape the conclusion that the statute is intended to protect claimant privacy, not to hinder attorney speech. As a result, § 4123.88(A) is properly read as the enforcement mechanism of the statute; in effect, it makes use of ill-begotten claimant information illegal.

Practical circumstances also inform this Court's interpretation of the statute. Here, the claimant information cannot be found anywhere other than the list maintained by the State. As a result, without the protected claimant information, there can be no targeted communication—and no solicitation. It is that fact that distinguishes this case from *Edenfield v. Fane*, in which the United States Supreme Court struck down a Florida law banning Certified Public Accountants from "direct, in-person, uninvited solicitation" of potential clients. 507 U.S. 761, 764 (1993). The challenged law in *Edenfield* had therefore prohibited accountants from cold-calling

7

individuals, such as business executives, to explain the services they could provide. *Id.* at 763. The Court held that such a law was impermissible under the First Amendment because the soliciting accountants sought "to communicate no more than truthful, non-deceptive information proposing a lawful commercial transaction." *Id.* at 765. Here, unlike in *Edenfield*, soliciting attorneys could not identify potential clients based on information publicly available in a telephone book or on the internet. The *only* way in which an attorney could "directly or indirectly solicit" workers' compensation claimants is to steal the information or to use a journalist intermediary—both avenues of dubious legality.

And a reading that merely prohibits the use of ill-begotten information does not target the expressive content of the mailings but instead targets the *conduct* of using the information. The regulation of conduct is permissible under the First Amendment. *See, e.g.*, *Expressions Hair Design v. Schneiderman*, 137 S. Ct. 1144, 1151 (2017) (noting that "it has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed" (quoting *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 62 (2006) (internal quotation marks omitted))).

Even if it were a close call, principles of constitutional avoidance would disfavor an interpretation such as Plaintiffs' that creates such grave constitutional issues. *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (noting the "'cardinal principle' of statutory interpretation" that when a court is faced with a statute with serious doubts as to its constitutionality, it will "'first ascertain whether a construction of the statute is fairly possible by which the question may be avoided'") (quoting *Crowell v. Benson,* 285 U.S. 22, 62 (1932)). The Court therefore declines to read the statutory scheme as a blanket ban on workers' compensation attorney advertising, and

instead as a ban on solicitation using private workers' compensation data that had been collected and maintained exclusively by the State.

## IV.   CONCLUSION

Because the statute targets conduct, not speech, Plaintiff's First Amendment challenge cannot succeed as a matter of law.  This Court therefore **DENIES** Plaintiffs' Motion for Summary Judgment, **GRANTS** Defendant Ohio Attorney General's Motion for Summary Judgment, and **GRANTS** the Agency Defendants' Motion for Summary Judgment.   This case is therefore terminated in its entirety.

**IT IS SO ORDERED.**

                                                           **s/ Algenon L. Marbley**
                                                        **ALGENON L. MARBLEY**
                                                        **UNITED STATES DISTRICT JUDGE**

**DATED: February 27, 2018**