# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Bevan & Associates, LPA, Inc., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:16-cv-746 |
| | : | |
| v. | : | Judge Algenon Marbley |
| | : | |
| Richard Michael Dewine, *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Pursuant to Fed.R.Civ.P. 54 and 42 U.S.C. § 1988(b), Plaintiffs Bevan & Associates, LPA, Inc., Thomas W. Bevan, and Patrick M. Walsh ("Bevan") hereby move this honorable Court for an order granting them reasonable attorney's fees for prevailing on their 42 U.S.C. § 1983 claim. The accompanying Memorandum In Support sets forth the grounds for this Motion.

Respectfully submitted,

*/s/ Ralph A. Breitfeller*
Ralph A. Breitfeller     (0017579)
rbreitfeller@keglerbrown.com
Jason H. Beehler         (0085337)
jbeehler@keglerbrown.com
Saša Trivunić            (0096722)
strivunic@keglerbrown.com
KEGLER BROWN HILL + RITTER CO., L.P.A.
65 East State Street, Suite 1800
Columbus, OH 43215
Tel:   (614) 462-5400
Fax:   (614) 464-2634

*Attorneys for Plaintiffs*

**MEMORANDUM IN SUPPORT**

I. **Introduction and Procedural Background**

Bevan filed this lawsuit in 2016 seeking relief under 42 U.S.C. § 1983 from an Ohio statute's unconstitutional prohibition of free speech under the First Amendment to the United States Constitution. (Doc. 1 at ¶¶ 1, 32-42.) The dispute was largely a question of law. In 2017, the parties filed cross-motions for summary judgment (Docs. 38, 46, and 47) and the Court held oral argument on those motions in February 2018. (Doc. 65.) The Court denied Bevan's motion for summary judgment and, finding that Ohio Revised Code § 4123.88 did not violate the Constitution, granted Defendants' motion for summary judgment. (Doc. 67.) Bevan timely appealed. (Doc. 69.)

On July 8, 2019, the Sixth Circuit Court of Appeals reversed, concluding that Ohio Revised Code § 4123.88 was incompatible with the First Amendment. (Doc. 71 at 15, PAGEID# 1281.) The Sixth Circuit remanded the case "with instructions to enter summary judgment in favor of Bevan." *Id.* On September 6, 2019, this Court issued an order vacating its prior judgment in favor of Defendants and granting summary judgment in favor of Bevan. (Doc. 73.) That order "terminated [the case] in its entirety." *Id.* Bevan now moves this honorable Court for an award of attorney's fees for prevailing on its claim brought under 42 U.S.C. § 1983.

II. **Standard of Review**

In any action or proceeding to enforce a provision of 42 U.S.C. § 1983, the court, in its discretion, may award reasonable attorney's fees to the prevailing party. 42 U.S.C. § 1988(b) (The Civil Rights Attorney's Fees Awards Act of 1976.) Under § 1988's fee-shifting provision, the prevailing party is awarded reasonable attorney's fees almost as a matter of course. *See, e.g., Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001) (awards to prevailing

plaintiffs under § 1983 are "virtually obligatory.") *See also Gunasekera v. Irwin*, 774 F.Supp.2d 882, 886 (S.D. Ohio 2011) ("Unless "special circumstances" exist, a district court must award attorney's fees to a prevailing party.")

### A. Prevailing party under 42 U.S.C. § 1988.

42 U.S.C. § 1988 awards attorney's fees only to the prevailing party. A litigant is considered a "prevailing party" if it secures an enduring, irrevocable, court-ordered change in the legal relationship between the parties. *Lee v. Eller*, No. 2:13-cv-87, 2015 WL 1286038, at *3 (S.D. Ohio Mar. 20, 2015) (Marbley, J). In other words, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendants' behavior in a way that directly benefits the plaintiff. *Id.* Although a money judgment, an enforceable declaratory judgment, or an injunction will indicate an alteration between the parties, these are not the only ways in which a litigant crosses the statutory threshold of "prevailing party." *DiLaura v. Township of Ann Arbor*, 471 F.3d 666, 671 (6th Cir. 2006). Where a court grants summary judgment in favor of plaintiffs, preventing defendant from enforcing a law, the summary judgment materially affects the legal relationship between the parties and the plaintiff is the prevailing party. *Id.*

### B. The Lodestar Method for calculating recoverable fees.

The prevailing party in a 42 U.S.C. § 1983 action may only their "To calculate attorney's fees under § 1988, courts customarily apply the "lodestar" formula, a determination of the number of hours reasonably expended multiplied by a reasonable hourly rate." *Ohio Dem. Party v. Husted*, 831 F. 3d 686, 702 (6th Cir. 2016); *Lee v. Eller*, 2015 WL 1286038, at *2. The party seeking fees must submit evidence supporting the hours worked and rates claimed. *Lance Coal Corp. v. Caudill*, 655 Fed. Appx. 261 (6th Cir. 2016); *Lee v. Eller*, at *4. Because of the lodestar method's

objectivity, "there is a strong presumption that [it] is reasonable." *Hines v. DeWitt*, No. 2:13-cv-1058, 2016 WL 2342014, at *1 (S.D. Ohio May 4, 2016) (Graham, J.)

1. Reasonable Attorney's Fees

A "reasonable fee" is one which adequately attracts competent counsel, but does not give a windfall to attorneys. *Id.* at *4. The reasonable hourly rate should be calculated according to the prevailing market rate in the relevant community. *Id.* at *2. In determining the reasonable rate, the court has discretion to consider a party's submissions, awards in analogous cases, and its own knowledge and experience from handling similar requests for fees. *Lee v. Eller*, 2015 WL 1286038, at *6. "Moreover, because the determination of a reasonable rate is difficult given wide variations in lawyer's experience, skill and reputation, an attorney's customary client billing rate is one reliable indicia of that attorney's prevailing market rate." *Id.* (Internal quotation and citation omitted). This Court has also used the most recent Ohio State Bar Association Report to determine the reasonableness of attorney's fees in comparison to the prevailing local market rates. *Hines v. Dewitt* at *3 (citing Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013*) (available at https://www.ohiobar.org/globalassets/home/member-benefits/personal-finance/osba_econoflawpracticeohio.pdf.) ("OSBA Report" attached hereto as Exhibit 1.)[1]

2. Reasonable Hours

The second half of the lodestar approach requires the court to determine the reasonable number of hours expended and the court may exclude hours that were not "reasonably expended." *Hines v. Dewitt* at * 4. The fee applicants must exercise billing judgment and counsel are expected to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *The Ne. Ohio Coal. for the Homeless*, 831 F.3d at 702 (6th Cir. 2016).

---

[1] The 2013 version is the most recent study conducted by the OSBA. According to the OSBA's website, a new study is coming sometime in the Fall of 2019.

### C. Recovery of Fees for Fees

§ 1988 also permits the prevailing party to recover fees for time spent in preparing, presenting, and trying attorney fee applications—the "fees for fees". *H.D.V.—Greektown, LLC v. City of Detroit*, 660 F.App'x 375, 387 (6th Cir. 2016); *see also The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 689 (6th Cir. 2016) (abrogating the cap on fees for fees because the rule is inconsistent with intervening Supreme Court authority.)

## III. Application of Law

### A. As the prevailing party, Bevan may recover its reasonable attorney's fees.

Bevan is the prevailing party under 42 U.S.C. § 1988 in this litigation and thus may recover reasonable attorney's fees for prevailing on its claim under 42 U.S.C. § 1983. A plaintiff who prevents enforcement of a law is the prevailing party on their 42 U.S.C. § 1983 claim. *DiLaura v. Township of Ann Arbor*, 471 F.3d 666, 669 (6th Cir. 2006). In *DiLaura*, plaintiffs brought a 42 U.S.C. § 1983 action challenging an ordinance of the Township of Ann Arbor for violating the First Amendment to the United Sates Constitution and the Religious Freedom Restoration Act. *Id.* The district court granted defendants' motion to dismiss and the Sixth Circuit reversed. *Id.* On remand, the district court granted summary judgment in favor of plaintiffs, and prevented defendant Township of Ann Arbor from ever enforcing the ordinance against the plaintiffs. *Id.* The "effect of [the district court's] order granting summary judgment materially affected the legal relationship between the parties in that after the district's court judgment was rendered, the threat of enforcement [of the challenged ordinance] no longer existed." *Id.* at 671. Thus, as the prevailing

party on the § 1983 action, plaintiffs were entitled to their attorney's fees. *Id.* (reversing district court's reduction in recoverable attorney's fees).

Like the plaintiffs in *DiLaura*, Bevan prevailed on its § 1983 claim by prohibiting Defendants from enforcing Ohio Revised Code § 4123.88 against Bevan (or anyone for that matter). Bevan asserted just one cause of action, alleging that Ohio Revised Code § 4123.88 violated the First Amendment to the United States Constitution. (Doc. 1, ¶¶ 38-39.) In its prayer for relief, Bevan requested (among other things) that the Court declare Ohio Revised Code § 4123.88 unconstitutional and to award Bevan costs and reasonable attorney's fees. (Doc. 1 at 9.) The Sixth Circuit found that Ohio Revised Code § 4123.88 "works a complete ban on all in-person as well as written solicitation, conducted by any person, of worker's compensation claimants and thus is incompatible with the First Amendment." (Doc. 71 at 15) and this Court entered summary judgment in favor of Bevan on Bevan's lone claim. (Doc. 73.) The result is a prohibition on the enforcement of the provisions of Ohio Revised Code § 4123.88 challenged by Bevan. Like the result in *DiLaura*, after the Court's judgment was rendered, "the threat of enforcement no longer existed." The result is an enduring, irrevocable, court-ordered change in the legal relationship between the parties. *Lee v. Eller*, No. 2:13-cv-87, 2015 WL 1286038, at *3 (S.D. Ohio Mar. 20, 2015). Bevan obtained actual relief on the merits of its claim by modifying the Defendants' behavior in a way that directly benefits Bevan. Bevan, therefore, is the prevailing party in this case and may recover reasonable attorney's fees.

**B. Bevan's attorney's fees are reasonable.**

1. Summary of Bevan's attorney's fees.

The attorney's fees charged by Bevan's attorneys are reasonable according to the prevailing market rate in the relevant community. Their fees are at or below the fees charged by

attorneys of similar experience, skill and reputation in Columbus, Ohio. The hourly rates charged throughout this litigation ranged from $165 to $345. The lead counsel who oversaw this matter was Ralph E. Breitfeller. (Declaration of Ralph E. Breitfeller "Breitfeller Decl." ¶ 12.) (Breitfeller Decl. attached hereto as Exhibit 2.) Mr. Breitfeller's hourly rate during this case (from 2016 until the present) was $345/hour. (Breitfeller Decl. ¶ 15.) Two attorneys primarily assisted Mr. Breitfeller: Jason H. Beehler Saša Trivunić. (Breitfeller Decl. ¶ 12.) Mr. Beehler's rate during this case ranged from $235/hour to $305/hour. (Declaration of Jason H. Beehler "Beehler Decl." ¶ 17.) (Beehler Decl. attached hereto as Exhibit 3.) Mr. Trivunić's rate during this case ranged from $200/hour to $250/hour. (Declaration of Saša Trivunić "Trivunić Decl." ¶ 9.) (Trivunić Decl. attached hereto as Exhibit 4.) The paralegal assigned to this case was Tamara Tackett and her hourly rate during this case ranged from $165/hour to $180/hour. (Declaration of Tamara Tackett "Tackett Decl." ¶ 9.) (Tackett Decl. attached hereto as Exhibit 5.) Other attorneys and paralegals were involved in limited capacities and on an as-needed basis. (Breitfeller Decl. ¶ 12.) The mix of directors, associates, paralegals, and summer associates to various aspects of this case was intended to ensure that tasks are completed with the necessary skills and competence at the lowest hourly rate. (Breitfeller Decl. ¶ 11.) The work of all of the attorneys and paralegals who helped with this case was an important, necessary, and valuable part of Kegler Brown Hill + Ritter's representation of Bevan and securing a favorable result in this case. (Breitfeller Decl. ¶ 16.) The resume of Rebecca R. Price (attorney) is attached as Exhibit 6. The resume of Victoria Beckman (attorney) is attached as Exhibit 7. The resume of LouAnne Conrad (paralegal) is attached as Exhibit 8.

Attached as Exhibit A to Mr. Breitfeller's declaration are true and accurate copies of the invoices that Kegler Brown Hill + Ritter ("Kegler Brown") sent to Bevan & Associates for work performed in this case. (Breitfeller Decl. ¶ 17, Ex. A). Attached as Exhibit B to Mr. Breitfeller's is a spreadsheet displaying and summarizing the time entries that Kegler Brown charged to Bevan. (Breitfeller Decl. ¶ 19, Ex. B.) The entries in Exhibit B appear slightly different than those in Exhibit A because Kegler Brown billed Bevan in quarter-hour increments as reflected in Exhibit A, but adjusted its entries in Exhibit B to increments in one tenths of an hour with the billable charge being rounded down to the nearest tenth unless there was a record that indicated a different adjustment. (Breitfeller Decl. ¶ 20.) The spreadsheet contains the date the work was performed, the biller's name, the billable rate, the time spent, the billed amount, and a description of the work performed. (Breitfeller Decl. Ex. B) A portion of these charges relates to work Kegler Brown completed prior to and in anticipation of this lawsuit. (Breitfeller Decl. ¶ 21.) The description of this work has been redacted for confidentiality purposes and Bevan does not seek recovery of those fees. *Id.* Bevan's counsel also analyzed each time entry to identify charges that were excessive, duplicative, inefficient or because the fees were simply more than Kegler Brown believes was reasonable to charge for a given task to reduce or eliminate such charges. (Breitfeller Decl. ¶ 21.)

With the exclusions, adjustments, and/or reduction of these entries, Bevan incurred $125,668.00 in attorney's fees in this case. (Breitfeller Decl. Ex. B.)

2. <u>Expert testimony in support of the reasonableness of Bevan's attorney's fees.</u>

Kegler Brown's hourly rates are competitive with, if not lower than, fees charged by comparable attorneys in the Columbus, Ohio area with similar backgrounds and experience. (Declaration of John Marshall "Marshall Decl." ¶¶ 8-12.) (Marshall Decl. attached hereto as Exhibit 9.) Mr. Marshall is a civil rights and employment litigation attorney in Ohio with more

than 30 years' experience with numerous awards for his work, including the Columbus Bar Association's Professionalism Award for exceptional dedication to the standards of the legal profession and demonstrated integrity and humanitarian concern. (Marshall Decl. ¶ 4.) In Mr. Marshall's professional opinion, given the nature and type of the case, the way in which the case was litigated and the overall success of the case, the total hours expended by Plaintiffs' counsel were reasonable and necessary to the successful outcome of the matter. (Marshall Decl. ¶¶ 13-14.)

       3. <u>Bevan's attorney's fees are consistent with the prevailing market</u>

According to the Ohio State Bar Association, Kegler Brown's attorney's fees are consistent with, if not lower than, the attorney's fees charged by attorneys with similar skills and experience in the prevailing market. The median hourly rate charged by attorneys with a specialty in civil rights is $350/hour with a mean of $412/hour. (Ex. 1, OSBA Report at 40.) The highest hourly fee charged by Kegler Brown was $345/hour, below the hourly median and well below the mean. The average hourly rate charged by firms with fifty or more attorneys is $336/hour. (Ex. 1 at 39.) The hourly rate charged by Bevan's attorneys were all below $336/hour with the exception of Mr. Breitfeller whose hourly rate was slightly above the average at $345/hour. (Breitfeller Decl. ¶ 15.) Finally, Kegler Brown's hourly billing rates are on par with the hourly billing rates charged by law firms in the downtown Columbus area (average of $295/hour, $373/hour for the 75th percentile.) (Ex. 1 at 39.)

**IV. Conclusion.**

For all of the foregoing reasons, Bevan requests that the Court GRANTS its Motion for Attorney's fees and award them attorney's fees in the amount of $125,668.00 plus the fees incurred for time spent presenting, and trying attorney fee applications—Bevan's "fees for fees." Bevan will submit evidence of "fees for fees" after briefing is complete.

                      Respectfully submitted,

*/s/ Ralph A. Breitfeller*
Ralph A. Breitfeller   (0017579)
Jason H. Beehler     (0085337)
Saša Trivunić        (0096722)
KEGLER BROWN HILL + RITTER CO., LPA
65 East State Street, Suite 1800
Columbus, OH 43215
(614) 462-5400; Facsimile: (614) 464-2634
rbreitfeller@keglerbrown.com
jbeehler@keglerbrown.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2019, a copy of the foregoing was filed and served electronically via the Court's Electronic Case Filing system which will notify all counsel of record.

*/s/ Ralph A. Breitfeller*
Ralph A. Breitfeller       (0017579)
